Reed JOHNSTON, Regional Director of the Eleventh Region of the National Labor Relations Board, Appellant,

v.

J. P. STEVENS & COMPANY, Inc., Appellee.

No. 9672.

United States Court of Appeals Fourth Circuit.

Argued Feb. 2, 1965.

Decided Feb. 19, 1965.

Glen M. Bendixsen, Attorney, N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, James M. Fitzpatrick and Frank H. It-kin, Attys. N. L. R. B., on brief), for appellant.

W. S. Blakeney, Charlotte, N. C. (Blakeney, Alexander & Machen, Charlotte, N. C., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The Regional Director of the National Labor Relations Board here appeals from the refusal on June 30, 1964, by the District Court of the Western District of South Carolina to issue a temporary injunction pursuant to section 10(j) of the National Labor Relations Act against the continuance of unfair labor practices allegedly being committed by J. P. Stevens & Company, Inc.

A complaint charging unfair labor practices was issued by the Board against this company on January 3, 1964, and a petition for temporary injunction was filed in the District Court on January 9. The petition alleged that the company had been countering the organizational activities of its employees with a long series of threats, intimidations and coercion of employees; surveillance of union meetings and employees' union activities; promising benefits to employees to persuade them to desist from union activities; harassing employees by unusual and stringent enforcement of rules relating to "breaks," smoking, talking, etc.; interrogating employees regarding visits by Board agents; altering working conditions; and making discriminatory discharges; all in interference with employees' right to engage in protected concerted activity. Violations of sections 8 (a) (3) and 8(a) (1) were charged. The Board's petition alleged that, unless the company were restrained, such unlawful conduct would continue pending the Board and court enforcement proceedings, and that it was essential, just and proper to enjoin the forbidden conduct in order to effectuate the policies of the Act and to avoid substantial irreparable injury to such policies, the employees, the union and the public interest.

The District Court issued a show cause order to which the company responded. At a pre-trial conference, promptly arranged for February 1, 1964, the court requested suggestions as to procedures to be followed. Counsel on both sides indicated willingness to offer oral testimony if the court should desire it, but when the Judge indicated his preference, because of the complexity of the facts and the anticipated consumption of time in taking oral testimony, to try the case on affidavits only, neither counsel expressed disagreement. In the course of the discussion the following statement was made to the court by counsel for the Board:

"Now, if your Honor should, on the other hand, decide to hear this case on affidavits, just about everything in the way of investigative evidence, at least, for what it's worth, will be contained in the affidavits submitted to your Honor and, of course, served upon opposing counsel."

This was the apparent consensus of all participants in the conference.

Thereupon court and counsel agreed on a schedule. The Board was to file affidavits first and within a limited time thereafter the respondent would file affidavits. The Board was then to have an opportunity to reply to the respondent's affidavits. Several days of arguments were later heard, in the manner agreed upon and certainly not objected to, and the case was submitted to the court.

After this schedule had been fully carried out as planned, the Board sought to counter or explain certain statements in some of the company affidavits and for this purpose offered an 8200 page transcript of testimony taken before the Hearing Examiner in Labor Board proceedings. This offer the court declined. The court's decision denying an interlocutory injunction having been filed, as above recited, on June 30, 1964, the Board's counsel thereafter on July 20, 1964, moved the court to reconsider its decision and again urged that the parties be allowed to call witnesses and introduce oral testimony. On July 28 the court overruled the motion to reopen the case, recalling once more that it had been clearly understood by all the parties that the petitioner's showing (and the respondent's also) would be strictly limited to the filed affidavits.

In its opinion of June 30, the court recognized the correct rule, that "Because of the sometimes slow procedure before the Board, Congress gave the Board the power, in the public interest, to seek injunctive relief * * * to prevent persons who are violating the Act from accomplishing their unlawful purpose because of delays before the Board." It further recognized that the law's purpose is to preserve the status quo, and that the court is obliged to issue an appropriate injunctive order upon a finding of reasonable cause to believe that unfair labor practices had been committed and that injunctive relief is just and proper. While observing the limits of the court's power and acknowledging that the final determination of whether the Act has been violated is for the Board, not for the court, the court still felt obliged to appraise the proof submitted to it, at least to the extent of determining whether there is reasonable cause for an interlocutory injunction, as provided by the statute. The court stated its conclusion as follows:

"This Court is not satisfied on the basis of the equivocal and unclear showing made by the record before it that an injunction is 'just and proper' to carry out the purposes of the National Labor Relations Act."

Upon consideration of the circumstances, we cannot say that the court is clearly erroneous in this finding or in its conclusion of law.

We are also advertent to the practicalities of the situation. The conduct complained of began a year and a half ago; the Board proceedings have been pending for over a year. A remand now to the District Court, as the Board urges, would contribute little to the effective-

ness of the Act's enforcement. The Board has it within its power to advance the determination of the issues on the merits.

Affirmed.